UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON WEAVER, aka KRISTI JO WEAVER, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | NO. CR-04-0202-JLQ <br> NO. CV-06-111-JLQ <br><br> ORDER DENYING PETITION |

BEFORE THE COURT is Petitioner's Motion to Vacate Sentence in Want of Jurisdiction Per Model Form for Motions Under 28 U.S.C. § 2255 (Ct. Rec. 83). On March 21, 2005, Petitioner Shannon Weaver pled guilty, without a plea agreement, to two counts of distribution of 5 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1). On June 24, 2005, she was sentenced to 63 months of imprisonment. Petitioner did not appeal her sentence. On April 14, 2006, Petitioner filed her instant petition pursuant to 28 U.S.C. § 2255. Petitioner is in custody at the Federal Prison Camp in Dublin, California, and is proceeding *pro se.* Neither payment of the filing fee nor an application to proceed *in forma pauperis* has been received from Petitioner.

This court may deny a 28 U.S.C. § 2255 motion without an evidentiary hearing if the petitioner's allegations, viewed against the record, either do not state a claim for relief, or are so palpably incredible or patently frivolous as to warrant summary dismissal. *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (quoting *United States*

ORDER - 1

*v. Burrows*, 872 F.2d 915, 917 (9th Cir.1989)).  If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v .United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted).

In her federal habeas petition, Petitioner presents the following grounds for relief:

### GROUND ONE

Petitioner alleges that "[t]he U.S. is in want of any material or substantial evidence that could prove proper subject matter/in personam jurisdiction," because she is not a citizen of the United States or any State nor did she "violate any Act of Congress that would result in an offence (sic)."  However, a review of the transcript from the Petitioner's plea (Ct. Rec. 70) reveals that Petitioner pled guilty to two counts of distribution of 5 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1).  She also testified to the offenses at the trial of her co-defendant Anthony B. Johnson.

### GROUND TWO

Petitioner claims that the Government cannot maintain the action against her because the Government has refused to provide discovery, in that the original charging document has not been placed into evidence.  This claim is frivolous, however, because the Petitioner pled guilty to the two counts in the Government's Superceding Indictment (Ct. Rec. 22) filed on November 16, 2004.

### GROUND THREE

Petitioner alleges that the Government has failed to provide a "Warrant of Commitment Detainer" and the judgment "filed June 28th, 2005 and signed by Judge Quackenbush is not the certified copy."  The return of Warrant for Arrest of Petitioner Shannon Weaver (Ct. Rec. 12) was filed on October 22, 2004 and the Judgment (Ct. Rec. 75) need not be certified.

### GROUND FOUR

ORDER - 2

Petitioner claims that the Government has no evidence of guilt to prove its claim without the charging document because the indictment is only an accusation founded on allegations. Petitioner's position that the Government is without evidence of guilt is without merit. At Petitioner's Hearing on Change of Plea (Ct. Rec. 70), held March 21, 2005, the Government stated the evidence it was prepared to present at trial and the Petitioner, while presenting a version of events slightly different from the Government's, admitted to facts sufficient to support her plea.

## GROUND FIVE

Petitioner claims ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To challenge plea proceedings, the petitioner must show counsel's advice regarding the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, she would not have plead guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The standard by which a court reviews counsel's performance is highly deferential, and there is a presumption that counsel rendered adequate professional judgment. *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994). Petitioner alleges that counsel's ineffectiveness is evidenced by his lack of knowledge, intentional neglect, and ignorance of grounds one through four above. As grounds one through four are patently frivolous and the plea proceedings confirm that she was satisfied with counsel's representation (Ct. Rec. 70), she has made no showing of prejudice. Petitioner is not entitled to relief based on her claim of ineffective assistance of counsel.

## GROUND SIX

Petitioner alleges she was denied her right to appeal and this court "proclaimed [Petitioner's] denial to appeal." A review of the June 24, 2005 sentencing transcript (Ct. Rec. 86), however, shows that this allegation is without merit. At that time, the court informed the Petitioner that "[i]t's my duty to advise you that if you wish to appeal any of

the Court's rulings or the sentence imposed in this matter that Mr. Casey [Defendant's counsel] will tell you that notice of appeal must be filed within 10 days."

For the foregoing reasons, Petitioner's Motion to Vacate Sentence in Want of Jurisdiction Per Model Form for Motions Under 28 U.S.C. § 2255 is **DENIED** (Ct. Rec. 83) and that action must be dismissed with prejudice.

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order, enter judgment of dismissal of cause No. CV-06-111-JLQ and provide copies of the Order and judgment of dismissal with prejudice to Petitioner, attorney Mark Casey, and counsel for the Government. The Clerk shall thereafter close both of the above-numbered files.

**DATED** this 23rd day of May 2006.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4